IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL ALYSON MILLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILO KIJAKAZI,[1] )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 20-1885 |

# **ORDER**

AND NOW, this 8th day of February, 2022, the Court, having considered the parties' motions for summary judgment, will order judgment in favor of the Commissioner of Social Security ("Commissioner"). Substantial evidence supports the Commissioner's decision to deny Plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("ACT"), 42 U.S.C. § 401 *et seq*. The Court will affirm the Commissioner's decision. *See* 42 U.S.C. § 405(g); *Schaudeck v. Comm'r of Soc. Sec. Admin*, 181 F.3d 429, 431 (3d Cir. 1999).[2]

---

[1] Kilo Kijakazi is substituted as Defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). This change has no impact on this case. *See* 42 U.S.C. § 405(g).

[2] Plaintiff argues that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence. Specifically, she contends that the ALJ erred with respect to his evaluation of her psoriatic arthritis. For the reasons explained below, the Court finds her arguments unpersuasive and will order summary judgment in the Defendant's favor, thus affirming the ALJ's decision.

This Court's review of the ALJ's decision is limited in nature. Although this Court retains "plenary review over the ALJ's application of legal principles," *Payton v. Barnhart*, 416 F.Supp.2d 385, 387 (E.D. Pa. 2006), an ALJ's factual findings must be accepted as "conclusive" if they are supported by substantial evidence of record. 42 U.S.C. §405(g); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).

      To be found disabled under the Act, a claimant must prove that she suffers from a physical or mental health impairment that prevents her "'from engaging in any 'substantial gainful activity' for a statutory twelve-month period.'" *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (*citation omitted*). An ALJ assesses a claim of disability using a five-step evaluation process. *Plummer*, 186 F.3d at 428. At step one, the ALJ determines whether a claimant is engaged in "substantial gainful activity." *Id.* (*citing* 20 C.F.R. § 404.1520(a)). Second, she or he assesses whether the claimant is afflicted by a medically determinable "severe impairment." *Id.* (*citing* 20 C.F.R. § 404.1520(c)). Third, the ALJ compares the claimant's impairments or combination of impairments with the Commissioner's list of presumptively disabling impairments. *Id.* (*citing* 20 C.F.R. § 404.1520(d)). When a claimant is not found disabled at step three, the ALJ determines her "residual functional capacity" ("RFC"). The RFC determination is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8P, 1996 WL 374184, at * 2 (S.S.A. July 2, 1996). Turning to step four, the ALJ considers whether the claimant's RFC permits her to perform her past relevant work. *Plummer*, 186 F.3d at 428. (*citing* 20 C.F.R. § 404.1520(d)). If the claimant is unable, the burden shifts to the Commissioner to determine, at the fifth step of the analysis, whether the claimant is able to perform alternative work consistent with her RFC, her medical impairments, age, education, and past work experience. *Id.* (citing 20 C.F.R. § 404.1523). A claimant who can return to past work or adjust to other work is not disabled. *Zirsnak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014).

      In this matter, Plaintiff filed her application on October 7, 2018 and alleged her disability began on August 31, 2016. The relevant period is August 31, 2016 through March 31, 2017 – her date last insured. The ALJ considered her application pursuant to the five-step evaluation process and, at step one, found she had not engaged in substantial gainful activity from the alleged onset date through the date last insured. (R. 30). At step two, the ALJ identified five severe, medically determinable impairments: back disorder, generalized anxiety disorder, migraines, asthma, and endometriosis. (R. 30). The ALJ further found that Plaintiff's psoriatic arthritis was medically determinable but not severe because it was diagnosed after the date last insured. (R. 30). Turning to the third inquiry, the ALJ found no presumptively disabling impairments or equivalents thereto. (R. 31-32). The ALJ then assessed her RFC and found her capable of a reduced range of light work with certain restrictions. (R. 33-36). Ultimately, he determined Plaintiff was not disabled because, although her RFC would not permit her to return to her past relevant work, she remained capable of performing other jobs that exist in significant numbers in the national economy. (R. 36-37).

      Plaintiff faults the ALJ for failing to include her diagnosed condition of psoriatic arthritis among her severe, medically determinable impairments at step two and, similarly, for failing to include any limitations arising therefrom in her RFC. Because the ALJ did not deny Plaintiff's

---

claim at step two, any alleged error was harmless. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007). Further, given that Plaintiff seeks disability insurance benefits, she must prove that the onset of her psoriatic arthritis occurred while insured. As noted above, the relevant time period is between Plaintiff's onset date of August 31, 2016 and the date she was last insured, March 31, 2017. Here, the medical reports indicate that she was not diagnosed with this impairment before her date last insured. (R. 30, 448). In fact, it appears that Plaintiff was not diagnosed with psoriatic arthritis until, at the earliest, March 2018 – a year after her date last insured. (R. 888). Consequently, her psoriatic arthritis was not medically determinable during the relevant period, and as such, it could not have been "severe" and the ALJ's finding in this regard was appropriate. *See Massaro v. Comm'r of Soc. Sec.*, 84 Fed. Appx. 175, 179 (3d Cir. 2003) (finding that the ALJ correctly denied a claim for benefits that was based upon a progressive impairment where that impairment reached a disabling degree only after the date last insured had lapsed) and *Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007) (holding that the ALJ correctly denied benefits based upon obesity, where the medical records indicated that the claimant was not obese as of the date last insured). Evidence related to her condition after the date she was last insured is irrelevant. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act." *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd* 649 F.2d 858 (3d Cir. 1981).

Plaintiff urges that she should not be penalized because her physicians were unable to timely diagnose her psoriatic arthritis. She maintains that the "telltale signs of Psoriatic Arthritis were there prior to the date last insured" – referencing her migraines, asthma, psoriasis, and IBS. (Doc. No. 16, p. 10). Yet there are no medical statements in the record connecting these constellation of conditions with her psoriatic arthritis. This Court cannot make the intuitive leap that Plaintiff suggests; as stated above, the Court's review is not *de novo*. Substantial evidence supports the ALJ's findings, and the ALJ's analysis is consistent with applicable law. Further, to the extent that Plaintiff takes issue with the hypotheticals posed and the ALJ's reliance thereon, the Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n. 8 (3d Cir. 2005). Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant. *See id.* at 544. Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id.* As the Court has discussed, substantial evidence supports the ALJ's RFC assessment. Because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

Accordingly, for the foregoing reasons, the Court finds the Commissioner's final decision is consistent with the applicable law and is supported by substantial evidence of record.

3

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED, as specified above.

s/Alan N. Bloch<br>United States Senior District Judge

ecf:    Counsel of record